
## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.:

MICHAEL DICKERSON, an individual,
on behalf of himself and all others similarly
situated,

    Plaintiff,

vs.

LABORATORY CORPORATION OF
AMERICA, INC., a Delaware corporation,
d/b/a "LabCorp," and "LCA Collections,"

    Defendant.
_____/



**CLASS ACTION**

8:14-CV-1390-T-30 TBM

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Michael Dickerson, an individual, on behalf of himself and all others similarly situated, sues Defendant, Laboratory Corporation of America, Inc., a Delaware corporation, d/b/a "LabCorp," and "LCA Collections," and alleges:

### *JURISDICTION*

1. This Court has jurisdiction of this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### *ALLEGATIONS AS TO PARTIES*

2. At all times material hereto, Plaintiff, Michael Dickerson ("Mr. Dickerson"), was *sui juris* and a resident of Polk County, Florida.

3. At all times material hereto, Defendant, Laboratory Corporation of America, Inc., doing business as "LabCorp" and "LCA Collections" (hereinafter "LabCorp"), was a Delaware

corporation doing business in Polk County, Florida.

## *FACTUAL ALLEGATIONS*

4. At some unknown time in the past, Defendant commenced collection activities with respect to a medical debt ("Third Party Medical Debt") purportedly owed to LabCorp by a person having the same or substantially similar name as Mr. Dickerson ("Third Party Debtor").

5. Mr. Dickerson does not know the Third Party Debtor, does not owe any money to LabCorp and has no relationship whatsoever with either LabCorp or the Third Party Debtor.

6. Notwithstanding the fact that Mr. Dickerson does not have any relationship whatsoever with the Third Party Debtor or LabCorp, commencing in August, 2013 through to the date hereof, Defendant has made repeated telephone calls to Mr. Dickerson on his cellular phone in an attempt to collect a debt from the Third Party Debtor.

7. Mr. Dickerson has repeatedly informed LabCorp that Mr. Dickerson does not know who the Third Party Debtor is and has repeatedly asked LabCorp not to call him again.

8. LabCorp refused to stop calling Mr. Dickerson on his cellular phone for a debt he does not owe.

9. In response to the disclosure of Mr. Dickerson that LabCorp was attempting to collect from the wrong person, LabCorp acknowledged and confirmed that the Third Party Debtor was a person other than Mr. Dickerson.

10. Despite knowledge that Mr. Dickerson was a person different from the Third Party Debtor, LabCorp continued to attempt to collect from Mr. Dickerson using repeated telephone and written communications.

11. The written communications to Mr. Dickerson consisted of letter(s), known more

common in the collection industry as "dunning letters" sent to Mr. Dickerson at his residence in Polk County, Florida.

12. To the best recollection of Mr. Dickerson, LabCorp made approximately 30 to 40 telephone calls to Mr. Dickerson on his celluar phone without the permission or consent of Mr. Dickerson.

13. LabCorp did not have the right to make telephone calls to Mr. Dickerson on his cellular phone regarding the alleged debt purportedly owed by the Third Party Debtor.

14. LabCorp used an autodialer to place those calls, and frequently placed those calls multiple times a day.

15. LabCorp used a prerecorded voice message in calls to Mr. Dickerson's cellular phone.

16. Mr. Dickerson does not have an "established business relationship" with LabCorp as that term is defined in 47 U.S.C. § 227(a)(2).

17. Mr. Dickerson does not owe any monies for service by LabCorp.

18. Mr. Dickerson does not owe any money to LabCorp.

19. Mr. Dickerson never gave LabCorp his cellular phone number.

20. Mr. Dickerson never gave LabCorp consent to call his cellular phone.

### COUNT I - VIOLATION OF TCPA
*(On Behalf of Class)*

21. This is an action for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, which provides for a private cause of action for violations of the TCPA and regulations promulgated thereunder by the Federal Communications Commission

("FCC"), 47 C.F.R., Part 64, Subparts 1200 and 1601.

22. Plaintiff realleges and reaffirms the allegations contained in Paragraphs 1 through 20 above as it set forth hereat in full.

### *PRACTICES OF LABCORP*

23. The automatic telephone dialing system used by LabCorp – referred to throughout as an "autodialer" – is an "automatic telephone dialing system" as envisioned by 47 U.S.C. § 227.

24. LabCorp falls within the definition of a "person" as defined by 47 U.S.C. §153(39).

25. LabCorp uses an autodialer and prerecorded messages to contact large numbers of persons for collection of delinquent accounts.

26. LabCorp places millions of calls per week to collect debts.

27. LabCorp does not use its automated dialer or prerecorded voice calls for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(I).

28. LabCorp regularly calls people who do not have accounts with LabCorp.

29. LabCorp regularly calls people who have not consented to be called by LabCorp.

30. By information and belief, LabCorp removes thousands, if not tens of thousands, of telephone numbers per year which are coded as "wrong numbers" and which LabCorp has called using its automated dialing system.

31. By information and belief, LabCorp does not review the rate of wrong number calls for compliance with the TCPA.

32. By information and belief, LabCorp's autodialer and customer service

representative have the capacity to identify those individuals with multiple accounts such that a person who has been wrongly contacted concerning an account which is associated with a particular phone can be removed from LabCorp's calling database entirely.

33. As more particularly described above, LabCorp placed non-emergency telephone calls to Plaintiff's and the class members' cellular telephones using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Plaintiff in violation of 47 U.S.C. §227(b)(1)(A)(iii).

34. There is no exception or justification for the numerous violations of the TCPA by LabCorp.

## CLASS ALLEGATIONS

35. Mr. Dickerson brings his individual claim on behalf of himself and a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

36. Mr. Dickerson proposes to represent all persons within the United States who

(a) within the four years preceding the filing of this action;

(b) received a non-emergency telephone call from LabCorp;

(c) to a cellular telephone;

(d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice;

(e) and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

37. The class is so numerous as to make it impracticable to join all the disparate members of the class.

38. This complaint seeks monetary damages under Fed.R.Civ.P. 23(b)(3).

39. The class claims in this case present common questions of law and fact including whether:

(a) LabCorp uses an autodialer to collect its debts from Mr. Dickerson and the class members;

(b) LabCorp uses the automatic telephone dialing system to call the cell phones of persons who have not consented to the calls;

(c) LabCorp uses prerecorded voice messages in calls to Mr. Dickserson and the class members;

(d) LabCorp made non-emergency calls to Mr. Dickerson and the class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

(e) LabCorp had the prior express consent to make calls to Mr. Dickerson and the class members' cellular phones using an automated dialer or prerecorded voice; and

(f) LabCorp's conduct was knowing and/or willful.

40. The common questions predominate over any question affecting only individual class members.

41. The claims of Mr. Dickerson are typical of the claims of the class members.

42. Mr. Dickerson bases this action on his individual claims and asserts claims on behalf of the class upon the same legal and remedial theories as their individual claims.

43. Mr. Dickerson will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims in this case.

44. Mr. Dickerson has suffered similar injuries as the members of the classes that he seeks to represent.

45. Mr. Dickerson has retained counsel experienced in handling class action suits involving unfair business practices and consumer law.

46. Mr. Dickerson nor his counsel have any interest which might cause them not to vigorously pursue this action.

47. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. No individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against LabCorp, because the claim amounts are likely small and involve statutory damages under the TCPA.

49. Management of these claims will likely present few difficulties because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

50. Each call to the cellular phones of Plaintiff and the class members is a separate violation and entitles Plaintiff and the class members to statutory damages against Labcorp in the amount of at least Five Hundred Dollars ($500.00) per call pursuant to 47 U.S.C. §227(b)(3).

51. LabCorp willfully and knowingly violated the TCPA and the regulations promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred Dollars ($1,500.00) pursuant to 47 U.S.C. §227(b)(3).

WHEREFORE, Plaintiff, Michael Dickerson, individually and on behalf of all others

similarly situated, requests that this Court:

    A.    Certify this matter as a class action;

    B.    Appoint the undersigned attorney as class counsel;

    C.    Authorize counsel to issue notice to the class members;

    D.    Grant judgment for damages in the amount of $500.00 per call to the class members, and

    E.    Treble those damages for LabCorp's willful violations of the TCPA;

    F.    Determine the attorney fees for counsel based on a common fund recovery; and

    G.    Grant such other and further relief as the Court deems appropriate.

## COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT(FLORIDA STATUTE §559.55, *ET SEQUI*) *(AS TO MR. DICKERSON, INDIVIDUALLY)*

52. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

53. Mr. Dickerson realleges and reaffirms the allegations contained in Paragraphs 1 through 20 above as if set forth hereat in full.

54. At all times material hereto, the Third Party Medical Debt purportedly owed to LabCorp constituted a "debt" or "consumer debt" as said terms are defined under Florida Statute §559.55(1).

55. At all times material hereto, Mr. Dickerson was a "debtor" or "consumer debtor" as said terms are defined under Florida Statute §559.55(2).

56. At all times material hereto, LabCorp was a "creditor" as said term is defined under

Florida Statute §559.55(3).

57. As more particularly described above, LabCorp has violated the FCCPA in that LabCorp:

(a) willfully communicated with Mr. Dickerson with such frequency as can reasonably be expected to harass Mr. Dickerson or willfully engaged in other conduct which can reasonably be expected to abuse or harass Mr. Dickerson in contravention of Florida Statute §559.72(7); and

(b) claimed, attempted or threatened to enforce a debt when LabCorp knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statute §559.72(9).

58. As a direct and proximate result of the violation of the FCCPA by LabCorp, Mr. Dickerson has been damaged. The damages of Mr. Dickerson include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

59. Mr. Dickerson has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

60. Pursuant to Florida Statute §559.77, Mr. Dickerson is entitled to recover actual and punitive damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Michael Dickerson, an individual, demands judgment for damages against Defendant, Laboratory Corporation of America, Inc., a Delaware corporation, d/b/a "LabCorp," and "LCA Collections," for compensatory, statutory and punitive damages, together with interest, costs and attorneys fees pursuant to Florida Statute §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Michael Dickerson, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rphyu@aol.com and
rwmurphy@lawfirmmurphy.com