**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL DICKERSON,**

    **Plaintiff,**

v.                                                                           **Case No.  8:14-cv-1390-T-30TBM**

**LABORATORY CORPORATION OF**
**AMERICA, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Michael Dickerson's Motion to Certify Class (Dkt. 5) and Plaintiff's Agreed Motion to Defer Ruling on Motion for Class Certification (Dkt. 8).  Upon consideration, the Court denies the motion to certify class as premature and denies the agreed motion to defer ruling as moot.

On June 11, 2014, Plaintiff Michael Dickerson filed this class action against Defendant Laboratory Corporation of America, Inc.  Plaintiff alleges that Defendant's automatic telephone dialing system violates the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  Defendant uses the autodialer and prerecorded messages to contact a large number of people for collection of delinquent accounts.  A number of the these people do not have accounts with Defendant and/or have not consented to receive calls from Defendant.  Plaintiff seeks to recover statutory damages for a class of persons similarly situated.

On July 11, 2014, prior to Defendant filing a response to the complaint, Plaintiff filed a motion to certify class. The bare-bones motion states in a footnote that it is being filed "at this time" to avoid "any attempt to pick off the named plaintiff pursuant to *Damasco v. Clearwire*, 662 F.3d 891, 896-97 (7th Cir. 2011)." In *Damasco*, the Seventh Circuit noted that "[c]lass-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . ." *Id.*

On July 18, 2014, Plaintiff filed an agreed motion to defer ruling on class certification. Plaintiff acknowledges that he filed his motion to certify class without the benefit of discovery from Defendant "concerning matters germane to certification." (Dkt. 8). He states that he should not be "required to advance his Motion for Class Certification without class discovery." *Id.* And he requests an unspecified time to conduct relevant discovery; in the interim, he requests the Court to defer ruling on the motion for certification.

Plaintiff's motion for class certification is premature. It was filed prior to a response from Defendant and prior to the commencement of discovery. Plaintiff's lone citation to *Damasco* to justify his strategy in filing the motion at this early juncture is unpersuasive. *Damasco* is not binding on this Court and it is doubtful that the Eleventh Circuit would adopt a similar approach. *See Church v. Accretive Health, Inc.*, 2014 WL 1623787, at *1-*2 (S.D. Ala. April 24, 2014) (discussing same). Further, as set forth by the court in *Accretive Health*,

> As the foregoing discussion demonstrates, there is precious little reason to believe that the two-step dance Church proposes here (file a generic Rule 23 Motion at the outset of the case, then stay it for many months

> until class discovery concludes and comprehensive briefs are prepared) is grounded in any justifiable fear that the entire class action may be ripped away from her absent such a preventive measure. The premise that a Rule 68 offer of judgment moots a class action in the absence of a prior Rule 23 motion is a decidedly minority view. The Eleventh Circuit has not accepted it. Plaintiff offers no indication that the Eleventh Circuit would ever be inclined to adopt it, as indeed most other federal courts have not. Even district courts in the Seventh Circuit (which propounded that minority review) appear to allow the continued safety hatch of a two-week window after an offer of judgment is made for the plaintiff to file a class certification motion. There is no evidence and no reason to believe that Accretive will engage in such a frowned-upon "picking off" strategy here. And the underlying principle that any offer of judgment for complete relief would moot Church's claims even if she did not accept it has recently faced a withering attack from four U.S. Supreme Court Justices, with no rebuttal from the others. For all of these reasons, the Court concludes that Church's "placeholder" Motion for Class Certification is highly unlikely to confer any meaningful benefit or protection on plaintiff.

*Id.* at *2-*3.

Moreover, Plaintiff's strategy comes with a cost. It burdens the Court with an obviously premature motion that is devoid of content and the motion remains on the Court's docket as pending, which is reflected on the Court's reports for an unspecified period of time. *See id.* at *3 ("Plaintiff's straight-out-of-the-chute Rule 23 Motion is highly unlikely to advance her cause one iota, but is virtually certain to impose administrative costs, unnecessary distractions, and an unhelpful drag on efficiency and judicial economy.").

For these reasons, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff Michael Dickerson's Motion to Certify Class (Dkt. 5) is denied without prejudice as premature.

2. Plaintiff's Agreed Motion to Defer Ruling on Motion for Class Certification (Dkt. 8) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 23, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1390.mtclass-premature.frm